UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RANDY HAROLD WRIGHT and<br>MAE ALISE WRIGHT | )<br>)<br>) | |
| v. | ) | NO. 2:07-CV-166 |
| BRAD DEPEW, *ET AL.* | )<br>) | |

## **MEMORANDUM OPINION AND ORDER**

The plaintiffs' Title 42 United States Code section 1983 complaint is before the Court on the Defendant Hawkins County Sheriff's Department's Motion to Dismiss, [Doc. 9], Defendants Brad Depew, Scott A. Stewart, Kenneth Ferguson, Greg Larkins, Warren Rimer, Hawkins County, and Hawkins County Sheriff's Department's "Motion for Partial Dismissal as to All Defendants," [Doc. 10], and Defendant Deputies Ferguson and Larkin's Motion for Summary Judgment, [Doc. 15]. This Court will address each motion in turn after briefly addressing the facts alleged in the complaint.

Plaintiffs claim that on July 21, 2006, Hawkins County Sheriff's Department Detective Brad Depew approached Plaintiff Randy Harold Wright ("Mr. Wright") at a market in Hawkins County and questioned Mr. Wright. Shortly thereafter, Deputies Stewart, Ferguson, and Larkins joined Detective Depew, and they assaulted Mr. Wright by "slamming" him into a vehicle three times, placed him into

a hot patrol car with no ventilation for an "unreasonably protracted period of time," and injured him by driving at an "unreasonabl[y] high rate of speed, tossing [him] from side to side in the back seat" of the car. Mae Alise Wright ("Mrs. Wright") is married to Mr. Wright, the alleged 1983 victim.

In Defendant Hawkins County Sheriff's Department's Motion to Dismiss, the Sheriff's Department argues that is it not a separate legal entity from Hawkins County and, therefore, should be dismissed. The plaintiffs argue that there are no facts in the record that establish that the two are separate. According to *Kurz v. Michigan*, 548 F.2d 172, 174 (6th Cir.), *cert. denied*, 434 U.S. 972 (1977), and *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991), the Hawkins County Sheriff's Department is not a suable entity. As such, the Defendant Hawkins County Sheriff's Department's Motion to Dismiss, [Doc. 9], is **GRANTED**, and it is hereby **ORDERED** that the complaint against the Hawkins County Sheriff's Department is **DISMISSED WITH PREJUDICE**.

Regarding all defendants' motion for partial dismissal, the defendants argue that Mrs. Wright's Title 42 United States Code section 1981 claim in particular, as well as her other claims, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* 42 U.S.C. § 1981 (2008); Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the complaint in the light

2

most favorable to the plaintiffs, accept all the complaint's factual allegations as true, and determine whether the plaintiffs undoubtedly can prove no set of facts in support of the claims that would entitle them to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.), *cert. denied*, 498 U.S. 867 (1990). The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir.1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995). However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id*. (citations omitted).

First, Plaintiff Mrs. Wright stated in her response to the defendants' motion that the section 1981 claim as to her was a mistake and, thus, withdraws that portion. Accordingly, the complaint's section 1981 claim as to Mrs. Wright is **DISMISSED WITH PREJUDICE**. Second, as to Mrs. Wright's other charges in the complaint, this Court finds it very difficult to discern from the complaint what those are exactly; however, she argues that they are state law claims for which this Court has supplemental jurisdiction. *See* 28 U.S.C. § 1367 (2008). The complaint only

3

addresses these claims in paragraph 16. It states:

> As a direct and approximate result the negligent and for/or intentional act of the Defendants, Plaintiff Mrs. Mae Alise Wright, has personally suffered loss of consortium, severe emotional, and psychological damage. In addition, Plaintiff Mrs. Mae Alise Wright has been financially burdened with the cost of treatment for Plaintiff Randy Harold Wright's severe emotional, and psychological damage, pain and suffering, and mental anguish, and will continue to be financial responsible for those damages in the near future. Plaintiff Mrs. Mae Alise Wright financial suffering in direct and approximate result of the negligent and for/or intentional acts of the Defendants.

Furthermore, it is unclear whether the complaint alleges that Mrs. Wright was present during the alleged assault of her husband or that she was personally assaulted. From the complaint, this Court gleans the following charges by Mrs. Wright: loss of consortium, intentional infliction of emotional distress, negligent infliction of emotional distress, and financial loss as a result of plaintiffs' treatment.

The defendants argue that a section 1983 action is personal to the direct victim of the alleged constitutional tort. *See Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (citing *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984) (both cases in the wrongful-death context)). Citing *Claybrook v. Birchwell*, they contend that no cause of action may lie for a family member *under* section 1983 for "emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the [alleged 1983] victim's family members." *Id.* Causes of

4

action by a family member brought *under* section 1983 are different from derivative state causes of action which arise out of the same facts giving rise to a section 1983 action. *See Kinzer v. Metropolitan Government of Nashville*, 451 F.Supp.2d 931, 934-47 (M.D. Tenn. 2006) (examining Sixth Circuit, other federal circuit, and district court cases in deciding whether federal law bars a Tennessee state claim for loss of consortium arising out of facts giving rise to a section 1983 action); *see also Purnell v. City of Akron*, 925 F.2d 941 (6th Cir. 1991); *Jaco v. Bloechle*, 739 F.2d 239 (6th Cir. 1984).

Several cases discuss, directly or indirectly, this distinction. *See Purnell*, 925 F.2d at 941; *Jaco*, 739 F.2d at 239; *Kinzer*, 451 F.Supp.2d at 931; *see also*, *Claybrook*, 199 F.3d at 356 (failing to reach the issue because the plaintiffs did not appeal the dismissal of the state law tort charges which accompanied the section 1983 claims). In *Jaco v. Bloechle*, which was a case in the wrongful-death context, a mother brought a section 1983 action on behalf of her deceased son allegedly killed by unjustifiable police action. 739 F.2d at 240. The district court had dismissed the action pursuant to Federal Rule of Civil Procedure 12(b)(6) because, under Ohio law, the decedent's civil rights claim did not survive his death. *Id*. The Sixth Circuit reversed, holding that the mother could bring the section 1983 action as a representative of her son's estate. *Id*. at 245. Most importantly, this decision did not

5

foreclose state actions available to a decedent's family members. The court noted that "the claim of Jaco's heirs under the wrongful death enactment is a cause of action separate from the civil rights claim and should have been treated as a *state* claim subject to the trial court's pendent jurisdiction." *Id*. at 245 n. 5.

Furthermore, the Sixth Circuit addressed a plaintiff's ability to bring a pendent, state-law claim arising out of the same facts giving rise to a section 1983 action in *Purnell v. City of Akron*, also in the wrongful-death context. The administrator of the decedent's estate brought a state-law survival action alongside a section 1983 claim based upon the police officer's unconstitutional actions allegedly causing the decedent's death. 925 F.2d at 943. A second state wrongful death count was brought by the decedent's legitimate and illegitimate children as next of kin. *Id*. The district court held that the state wrongful death claim was pendent to the section 1983 action; however, the court denied the illegitimate children's petition to intervene. *Id*. The Sixth Circuit reversed the district court's decision regarding the intervention. *Id*. at 954. The circuit court noted that the Ohio wrongful death statute allows compensatory damages to the next of kin for "loss of support from the expected capacity of the decedent, loss of services and society of the decedent, loss of prospective inheritance, and mental anguish incurred by the surviving spouse, minor children, parents and next of kin." *Id*. at 949. Thus, the court recognized loss of

6

consortium-type damages in Ohio's statute by the survivors. However, the court did not reach the issue of whether the decedent's children could state a claim for damages under section 1983 based on his death. *Id*. at 949 n. 6. Despite not reaching this issue, it can be inferred from *Purnell's* language that a derivative state-law claim could accompany a section 1983 claim.

Finally, in *Kinzer v. Metropolitan Government of Nashville*, the district court, after thorough analysis of relevant case law, decided that a wife's derivative claim for loss of consortium, which accompanied her husband's section 1983 action, did not arise *under* section 1983, but it arose *alongside* the section 1983 action. 451 F.Supp.2d at 947. Therefore, the court found, based upon *Jaco*, *Purnell*, and other case law, that the claim was not barred by federal law because causes of action arising *under* section 1983 were distinct from state-law claims which arose *alongside* a section 1983 claim. *Id*. The court concluded that it had pendent jurisdiction over this state-law claim, and the court denied the defendants' motion to dismiss. *Id*.

The cases cited above, especially *Kinzer v. Metropolitan Government of Nashville*, are similar to the case at bar. Plaintiff Mrs. Wright is possibly asserting state law claims which arose *alongside* her husband's section 1983 action. As such, to the extent Mrs. Wright is pursuing collateral claims arising *under* section 1983, the defendants' motion is **GRANTED**, [Doc. 10], and those causes of action are hereby

7

**DISMISSED WITH PREJUDICE**.  However, assuming that Plaintiff Mrs. Wright has adequately pled the state causes of action *alongside* her husband's section 1983 claims,[1] the defendants' motion is **DENIED**, and this Court will exercise supplemental jurisdiction over Mrs. Wright's state common law claims.  *See* 28 U.S.C. § 1367.

Lastly, defendants Mr. Ferguson and Mr. Larkin, who are deputies with the Hawkins County Sheriff's Department, moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, claiming that because they were not present at the time the alleged constitutional injuries occurred, then there is no genuine issue of material fact as to them.  *See* Fed. R. Civ. P. 56.  They support their argument with their sworn affidavits, stating that they did not work on the day or during the time in which the incident occurred.

On November 27, 2007, the plaintiffs moved for an extension of time to respond to the defendants' motion, [Doc. 18], because no discovery had taken place.  The United States Magistrate Judge ordered the plaintiffs to explain why discovery was necessary, and on December 17, 2007, he denied their request, [Doc. 22].  The plaintiffs were to respond by January 11, 2008; however, on that day, they instead filed another motion to extend the time to respond, [Doc. 23].  The motion stated that

---

[1]The defendants' do not address the state claims in terms of pendent jurisdiction.  Their only claim is that the charges arise under section 1983.  Accordingly, this Court will not decide whether Plaintiff Mrs. Wright has adequately pled her state law claims.

they agreed that Deputy Larkins was not at the scene of the incident and that summary judgment as to him was appropriate, yet they needed more time to verify whether Deputy Ferguson was present. On January 15, 2008, the United States Magistrate Judge denied their request, [Doc. 28].

Because the plaintiffs agree that Deputy Larkins was not present at the time the alleged constitutional injuries occurred and because the plaintiffs agree that he is entitled to summary judgment, it is hereby **ORDERED** that the defendants' motion for summary judgment, [Doc. 15] is **GRANTED AS TO DEPUTY LARKINS**, and the complaint is **DISMISSED WITH PREJUDICE** as to him. As to Deputy Ferguson, this Court notes that the plaintiffs' failure to respond to the defendant's motion, in and of itself, may serve as grounds for granting the defendant's motion. *See* Fed. R. Civ. P. 56(e)(2); *see also* LR 7.2 of the Local Rules of the United States Court for the Eastern District of Tennessee. Nevertheless, this Court will address the issue on the merits.

Summary judgment is appropriate when "there is no genuine issue of material fact." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of proving that no material facts exist, and the court must draw all inferences in a light most favorable to the non-moving party. A court may grant summary judgment when the record taken as a whole could not lead a rational trier of fact to find for the

9

non-moving party. Once the moving party has proved that no material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial. *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (citations omitted).

In accordance with long standing summary judgment principles, this Court must construe the evidence in this record most favorably for the plaintiff because he is the litigant opposing summary judgment. *See, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88(1986); *Scott v. Clay County*, 205 F.3d 867, 871 (6th Cir.2000). As explained by the Sixth Circuit in *Scott v. Clay County*,

> Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. . . . <u>The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor</u>.

205 F.3d at 871 (emphasis added). Furthermore, Federal Rule of Civil Procedure 56(e)(2) states:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

The plaintiffs have failed to present any allegations or denials setting out specific facts showing that there is a genuine issue for trial as to Deputy Ferguson. Nothing in the record, other than the plaintiffs' complaint, shows that Deputy Ferguson was present, and the plaintiffs' even stated that they needed more time to verify that allegation. They have provided no additional facts which provide such. In addition, Deputy Ferguson's affidavit states that on the date of the incident, "[his] shift was off and [he] was not working." Therefore, this Court FINDS that there is no genuine issue of material fact as to Deputy Ferguson, and the defendants' motion for summary judgment, [Doc. 15], is **GRANTED AS TO DEPUTY FERGUSON**. Accordingly, the plaintiffs' complaint is hereby **DISMISSED WITH PREJUDICE** as to Deputy Ferguson.

SO ORDERED.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE